IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA
*ex rel.* Jon J. Platz,

    Plaintiff/Relator,

vs.

BANK OF AMERICA CORPORATION,

    Defendant.

**12cv8399 (GBD)**

---

## MEMORANDUM OF LAW
## IN SUPPORT OF RELATOR'S MOTION TO AMEND THE SECOND AMENDED COMPLAINT

### PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of Relator Jon J. Platz in support of his motion to file a Third Amended Complaint pursuant to Fed. R. Civ. P. 15. By the instant motion, Platz seeks to amend his complaint to incorporate a list of loans that he originated for which false claims were filed in violation of the False Claims Act, as well as to clarify certain allegations with respect to the public disclosure and original source issues, the manner in which Bank of America ("BofA") breached the 5% cap on points and fees, and its obligation to pass through LLPA reductions to borrowers, as set forth in the Second Amended Complaint.

### INTRODUCTION

Though BofA has not consented to Platz's proposed amendment, leave to amend should be granted in this matter. No discovery has yet taken place – indeed, this motion is being made while a

motion to dismiss is still pending. BofA cannot claim prejudice or undue delay, and as set forth more fully below, to the extent it makes a futility argument, that too, fails.

## PROCEDUAL HISTORY

This case was initiated by the filing of a complaint under seal on November 16, 2012 (the "Complaint") (Docket #1). The seal was lifted on November 5, 2013 (Docket # 6). Relator subsequently filed an amended complaint under seal on February 11, 2014 (the "Amended Complaint") (Docket # 9). The United States declined to intervene and the seal was lifted on January 7, 2015 (Docket # 14). Neither the complaint nor the amended complaint were served on BofA. A second amended complaint (to add Relator's retaliation and guarantee claims, among other things) was filed on January 13, 2015 (the "SAC") (Docket # 15), and upon order dated January 21, 2015 (Docket # 23), the SAC was served on BofA as the operative complaint. BofA filed a motion to dismiss on March 10, 2015 (Docket # 27). Pursuant to this Court's order dated March 19, 2015 (Docket # 33), Platz's opposition to that motion is to be filed on May 1, 2015.

## STANDARD TO AMEND PLEADINGS

Under Fed. R. Civ. P. 15(a), "leave [to amend] shall be freely given when justice so requires," even after entry of judgment. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008). "Where there is neither a showing of the movant's undue delay, bad faith or dilatory motive, nor a showing of undue prejudice to the opposing party by virtue of allowance of the amendment, leave to amend should be granted." *In re Winstar Communications*, 2006 U.S. Dist. LEXIS 7618, at *4 (S.D.N.Y. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 55 (2d Cir. 1995) ("Although the decision of whether to allow plaintiffs to amend their complaint is left to the sound discretion of the district court, there must be good reason to deny the motion."). The Second Circuit holds that plaintiffs whose complaints

are dismissed should typically be given an opportunity to amend their complaint. *See Blakely v. Wells*, 209 Fed. Appx. 18 (2d Cir. 2006); *Olsen v. Pratt & Whitney Aircraft*, 136 F.3d 273, 276 (2d Cir. 1998); *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir. 1986). "As a matter of procedure, when a complaint is dismissed pursuant to Rule 12(b)(6) and the plaintiff requests permission to file an amended complaint, that request should ordinarily be granted." *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991).

A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178, 182, (1962). However, "[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002); *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 109 (2d Cir. 2014).

Here, there is no undue delay, as Platz is seeking leave while the motion to dismiss is still pending. *See City of Omaha v. CBS Corp.*, 2010 U.S. Dist. LEXIS 107692, at *2 (S.D.N.Y. 2010) (no undue delay where plaintiffs sought leave to amend 45 days after order dismissing complaint).

Second, Platz's motion is not the result of bad faith or dilatory motive. Rather, it is a direct response to the alleged deficiencies BofA identifies in its motion to dismiss. *See Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991) ("Where the possibility exists that the defect can be cured and there is no prejudice to the defendant, leave to amend at least once should normally be granted as a matter of course.").

Third, granting Platz's motion for leave to amend will not cause undue prejudice to BofA as no discovery has taken place. *See State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ("This is not a case where the amendment came on the eve of trial and would

result in new problems of proof. At the time plaintiffs requested leave to amend, no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants."); *see AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) ("Amendment may be prejudicial when, among other things, it would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'").

Finally, Platz's proposed amendment is not futile. The additional allegations, as described below, supplement the SAC to add information that BofA indicated was lacking and directly support Platz's allegations in his initial pleadings. *See ATO RAM*, 2004 U.S. Dist. LEXIS 5810, at *21-*22 (granting leave to amend to allow plaintiff to "correct a particularity deficiency"). This Court should afford Platz the opportunity to amend the SAC in order to address these purported deficiencies, in accordance with Fed. R. Civ. P. 15(a). *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead.")

For example, Platz is prepared to both attach to his Proposed Third Amended Complaint and to elaborate upon certain internal BofA documents, including a "Turquoise Report" and selected BofA rate sheets. The Turquoise Report presents a list of HARP 2.0 loans originated by Platz in 2012, listing the date a loan was made, the loan number, the loan amount, the loan rate, and the gross profit margin for each loan. The rate sheets indicate, among other things, both the "pricing" or "points" assigned to a particular loan and the "GPM" (gross profit margin) BofA made on each loan. The rate sheets confirm that BofA considered "points" and "gross profit margin" to be synonymous, while the Turquoise Report reveals, as to HARP 2.0 loans originated by Platz in 2012, those on which BofA earned a gross profit margin of over 5% (thus exceeding

the GSE cap), and those on which BofA kept for itself the savings that should have been passed on to borrowers when the GSEs drastically reduced or eliminated their loan level pricing adjustment fees ("LLPAs"), which had ranged as high as 2.5% of loan value. In addition to supporting substantive allegations in Platz's complaints, these documents also confirm Platz's status as an original source who can add materially to any public disclosure.

Finally, in this case, BofA has moved to dismiss for failure to plead with particularity under Rule 9(b). Although Platz disputes this contention, to the extent that this Court would be inclined to dismiss on those grounds, Platz has made the instant motion to overcome any perceived Rule 9(b) deficiencies. Indeed, in most instances, when a motion based on a lack of sufficient particularity under Rule 9(b) is granted, whether or not coupled with a motion to dismiss, it will be with leave to amend the deficient pleading. Thus, a failure to satisfy Rule 9(b) will not automatically lead to a dismissal of the action, let alone one that leads to a judgment on the merits. Although leave to re-plead will be denied when the district court believes that it would be futile or when leave to re-plead has been granted previously but has not produced a satisfactory pleading for reasons such as futility, bad faith or undue delay (*Koehler v. Bank of Bermuda (New York) Ltd.*, 229 F.3d 424 (2d Cir. 2000)), none of those elements are present here, as stated above.

As set forth in *Luce v. Edelstein*, 802 F.2d 49, 56, (2d Cir.1986), complaints dismissed under Rule 9(b) are almost always dismissed with leave to amend. *See also Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 581 (2d Cir. 2005) (dismissals made pursuant to this Rule[9(b)], however, are 'almost always' accompanied by a grant of leave to amend, unless the plaintiff has had a prior opportunity to amend its complaint or the allegations were made after full discovery in a related case").

5

## CONCLUSION

For all the reasons set forth above, Platz should be granted leave to amend the SAC to include more details about the HARP 2.0 loans he alleges constituted false claims, to clarify his allegations regarding the method BofA used to violate the 5% cap on points and fees as well as its obligation to pass LLPA reductions to borrowers, and to provide evidence demonstrating that he is an original source who can add materially to any information that has been publicly disclosed.

Dated: New York, New York

April 30, 2015

**SADOWSKI FISCHER PLLC**

By: /s/ Andrea Fischer

Andrea Fischer
afischer@sflawgroup.com
Robert W. Sadowski
Raphael Katz
39 Broadway, Suite 1540
New York, NY 10006
Telephone: (212) 913-9678
Fax: (646) 502-5357

**WATERS AND KRAUS**
Wm. Paul Lawrence, II (*Pro Hac Vice* pending)
plawrence@waterskraus.com
Washington D.C. Metro Office
37163 Mountville Rd.
Middleburg, VA 20117
Telephone: (540) 687-6999
Fax: (540) 687-5457

Loren Jacobson
ljacobson@waterskraus.com


Charles Siegel (*Pro Hac Vice* to be submitted)
csiegel@waterskraus.com
3219 McKinney Ave.
Dallas, TX 75204
Telephone: (214) 357-6244
Fax: (214) 357-7252

**SHAMBERG, JOHNSON & BERGMAN**
John M. Parisi (*Pro Hac Vice* pending)
jparisi@sjblaw.com
2600 Grand Blvd., Suite 550
Kansas City, MO 64108
Telephone: (816) 474-0004
Fax: (816) 474-0003

**GIRARD GIBBS LLP**
Eric H. Gibbs (*Pro Hac Vice* to be submitted)
ehg@girardgibbs.com
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Fax: (415) 981-4846

*Attorneys for Relator*